IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE JACKSON and | § | |
| ROBERT THOMPSON | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:07CV954HSO-JMR |
| | § | |
| HANKOOK TIRE CO., LTD., | § | DEFENDANTS |
| HANKOOK TIRE AMERICA | § | |
| CORPORATION, KIA MOTORS | § | |
| CORPORATION, and KIA | § | |
| MOTORS AMERICA, INC. | § | |

ORDER AND REASONS DENYING
DEFENDANTS' MOTION TO TRANSFER

Before the Court is the Motion of Defendants Hankook Tire Corporation,

Limited, Hankook Tire America Corporation, Kia Motors Corporation, and Kia

Motors America, Incorporated ["HTAC"] to Transfer [40-1], pursuant to 28 U.S.C. §

1404, filed in the above-captioned cause on May 14, 2008.  Plaintiffs filed a

Response in Opposition to Defendants' Motion on May 30, 2008 [41-1].   HTAC filed

its Rebuttal on June 4, 2008 [43-1].  After consideration of the submissions and the

relevant legal authorities and for the reasons discussed below, the Court finds that

the instant Motion must be denied.

I. FACTS AND PROCEDURAL HISTORY

This case, originally filed on July 20, 2007, by Plaintiffs Michelle Jackson

("Ms. Jackson") and Robert Thompson ("Mr. Thompson"), stems from an August 4,

2004, single car automobile accident that occurred in Hattiesburg, Mississippi,

allegedly injuring both Plaintiffs.  Plaintiffs' Complaint asserts that the accident

was caused by a blowout of a defective tire designed, manufactured, assembled, and sold by Defendants.

Ms. Jackson, although living in Kiln, Mississippi (Southern Division) at the time of the accident, currently resides in Hattiesburg, Mississippi, which is in the Hattiesburg Division of the Southern District of Mississippi. Mr. Thompson is a resident of Gulfport, Mississippi, which is located in the Southern Division. HTAC is a non-resident corporation and is admittedly subject to the long-arm jurisdiction of Mississippi. The accident itself occurred twelve miles south of Hattiesburg, in the Hattiesburg Division of this Court.

The subject tire is currently in the possession of Plaintiffs and is located in Palm Springs, Florida. Plaintiffs' vehicle is currently located in Jackson, Mississippi. Both cities are over 100 miles from both Hattiesburg and Gulfport. All non-party fact witnesses live within 100 miles of both venues. In the present Motion, Defendants seek transfer of Plaintiffs' claims from the Southern Division to the Hattiesburg Division pursuant to 28 U.S.C. § 1404(a). *See* Defs.' Mot. to Transfer, ¶¶ II-III.

## II. <u>DISCUSSION</u>

A. <u>Defendants' Motion to Transfer</u>

28 U.S.C. § 1404(a) of the Federal Rules of Civil Procedure provides as follows:

> *For the convenience of parties and witnesses*, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought.

28 U.S.C. § 1404(a) (emphasis added).

As emphasized in the Rule, transfer of venue between divisions is based upon a showing of convenience for both parties and witnesses.  A plaintiff's choice of forum is one of several factors to be considered, and is entitled to deference.  At the very least, a plaintiff's privilege of choosing venue places the burden on a defendant to demonstrate why the forum should be changed.  *In Re: Volkswagen of America, Inc.,* 506 F.3d 375, 381 (5th Cir. 2007).  Generally, for a defendant to obtain a transfer of venue, there must be a showing that the balance of convenience weighs strongly in a defendant's favor.  *See Marbury-Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974).  Finally, the Court's task is to weigh these factors and determine whether, on balance, the proposed transfer will provide a more convenient forum for the litigation.  *Apache Products Co. v. Employer's Ins. of Wausau,* 154 F.R.D. 650, 653 (S.D. Miss. 1994).

Plaintiffs have selected the Southern Division as their venue.  Defendants' Motion for Transfer represents that there are a variety of non-party fact witnesses in this case, the majority of whom reside in Hattiesburg.  Although the parties agree that both venues are proper, Defendants assert that because the location of the accident as well as the residence of the  majority of non-party fact witnesses is in Hattiesburg, there is a sufficient showing of inconvenience for the Court to transfer venue from the Southern Division to the Hattiesburg Division.

The balance of convenience is to be determined by considering whether the transfer is "for the convenience of parties and witnesses, in the interest of justice," as stated in 28 U.S.C. § 1404(a).  While bearing in mind the heavy burden placed on a defendant, *In Re: Volkswagen of America, Inc.*, 506 F.3d 375 (5th Cir. 2007), established both private and public factors for consideration:

> [o]ur precedents indicate that, when considering a 1404 motion to transfer, a district court should consider a number of private and public factors, none of which can be said to be of dispositive weight. The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  The public interest factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.,* 506 F.3d at 380 (internal citations omitted).

The Court finds that the public policy considerations of the two relevant cities in southern Mississippi, Gulfport and Hattiesburg, are largely the same for purposes of this case; therefore, the Court is of the opinion that the private considerations are the only relevant factors for consideration.

1. Relative East of Access to Sources of Proof

As stated earlier, there are two primary pieces of evidence in this case, the car, and the tire.  Because the car and the tire are both in Plaintiffs' possession, and they have submitted to absorb any costs required by their transport, this factor has no relevance to the convenience of Defendants.

-4-

2. <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Federal Rule of Civil Procedure 45(b)(2)(B) states that a witness may be served with a subpoena "within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." None of the non-party fact witnesses are located outside the 100 mile subpoena range of either the Southern or Hattiesburg Divisions, so compulsory process will be available to secure the attendance of any unwilling witnesses. This factor weighs against Defendants.

3. <u>Cost of Attendance for Willing Witnesses</u>

When the Fifth Circuit considered this factor in *In Re: Volkswagen,* it held that, "[w]hen the distance between the two venues is *more* than 100 miles, the inconvenience increases proportionally with distance." 506 F.3d at 386 (emphasis added). In describing the inconvenience implicated by distances of 100 miles or greater, the Fifth Circuit viewed the probability of overnight accommodations and meal expenses as the primary concerns. *Id.*

Here, the distance between Hattiesburg and Gulfport is a 68 mile drive. The majority of non-party fact witnesses in this case are emergency medical care responders, law enforcement personnel, and health care providers, almost all of whom reside in Hattiesburg, where the accident occurred. Although these witnesses undoubtedly would prefer to avoid a two hour round trip in order to testify, neither overnight lodging nor meal expenses are likely to be inconveniences for them. Using the 100 mile standard as a baseline for inconvenience, this factor weighs in favor of Plaintiffs.

In addition, both parties agree that there will be multiple expert witnesses testifying who will be traveling from well beyond both the Hattiesburg and Southern Divisions.  As argued by Plaintiffs, all of these experts will have to fly into the Gulfport/Biloxi airport.  Moreover, it has been held that the most significant factor in evaluating a section 1404 motion is the convenience of party and non-party witnesses.  *Paul v. International Precious Metals Corp.* 613 F.  Supp. 174, 178-79 (S.D. Miss. 1985).   It is clearly more convenient and less expensive for these particular expert witnesses, and for their clients, for that matter, to have the trial set in Gulfport.  This factor again weighs against Defendants' arguments.

4. Other Practical Problems

As noted by Plaintiffs, a transfer of this case will create additional delays in having the matter resolved, which by definition is less "expeditious" than the contra.

## III.  CONCLUSION

The record in this case reveals that while there are witnesses in Hattiesburg who would be less inconvenienced by a transfer of venue, so too are there witnesses, including most if not all of the expert witnesses, who would benefit from the Southern Division courthouse's proximity to the Gulfport/Biloxi airport.  Applying the applicable legal standard to Defendants' Motion, which necessitates a strong showing of convenience in favor of Defendants while giving deference to Plaintiffs' choice of forum, the Court is of the opinion that Defendants cannot carry their burden.  Therefore, the Court concludes that, for the reasons stated herein,

Defendants' Motion must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

cited herein, Defendants' Motion to Transfer filed on May 14, 2008 [40-1], pursuant

to 28 U.S.C. § 1404(a), should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 27th day of June, 2008.



_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE